IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:12-CV-293(MTT) |
| KYUNG IL JUNG, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

This matter is before the Court on the Defendant's motion for reconsideration (Doc. 14) of the Court's Order directing the Defendant to assign his ownership interest in certain patents to the Plaintiff (Doc. 12).  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration *must do more than simply restate his prior arguments*, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added).

The Defendant has failed to meet his burden.  He has alleged no intervening change in the law and has presented no new evidence not previously available to the Parties.  Further, the Defendant waived his arguments by failing to raise them in a timely response to the Plaintiff's motion for assignment of the Defendant's interest in the patents (Doc. 11).  Even if the Defendant had not waived his arguments, the Court is not convinced its Order was clearly erroneous.

The Defendant contends the Court's Order compelling written assignment of the patents at issue was clearly erroneous because all seizure of property to satisfy a judgment in Georgia must be done through a levy and sale.  However, he cites no authority stating an interest in a patent or patent application must be transferred through a levy and sale.  Given the intangible nature of interests in patents, other courts have held that a compelled written assignment of a patent interest is an appropriate method of satisfying a judgment.  *See Ager v. Murray*, 105 U.S. 126, 130 (1881) ("There would certainly be great difficulty in assenting to the proposition that patent and copyrights, held under the laws of the United States, are subject to seizure and sale on execution. … [T]hese incorporeal rights do not exist in any particular State or district; they are coextensive with the United States.  There is nothing in any act of Congress, or in the nature of the rights themselves, to give them locality anywhere, so as to subject them to the process of courts having jurisdiction limited by the lines of States and districts."); *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) ("[A] creditor cannot reach incorporeal property, such as a patent, due to its intangible nature; the transfer (either voluntary or involuntary) to a purchaser must be done by written assignment …

.").  Accordingly, the Defendant's motion for reconsideration is **DENIED**, and the Defendant is directed to comply with the Court's Order (Doc. 12).[1]

    **SO ORDERED**, this the 1st day of August, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Defendant also points out that the patent and patent applications at issue are co-owned by an individual who is not a party to this action.  However, the Court's Order directs the Defendant to transfer only his interest in the patent and patent applications.