**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JONATHAN LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:12-CV-293(MTT) |
| | ) | |
| KYUNG IL JUNG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This case arises out of the Plaintiff's application for an order and judgment confirming an arbitration award pursuant to the Federal Arbitration Act.  (Doc. 1).  On November 1, 2013, the Court entered default judgment in favor of the Plaintiff and against the Defendant in the amount of $6,659,800.00, plus prejudgment interest in the amount of $652,385.31, post-judgment interest pursuant to 28 U.S.C. § 1961, and any other future interest and costs as allowed by law.  (Doc. 7 at 2).  A writ of execution issued on December 12, 2013.  (Doc. 8).  On March 20, 2014, the Plaintiff moved the Court to order the Defendant to deliver to the Plaintiff the Defendant's ownership interest in a certain patent and patent applications (the "Patents") in partial satisfaction of its judgment.  (Doc. 11).  On May 14, 2014, the Court ordered the Defendant to assign all of his ownership interest in the Patents to the Plaintiff, and further ordered that the Court would directly assign the Defendant's ownership interest in the Patents to the Plaintiff if the Defendant failed to deliver his ownership interest as the Court required.  (Doc. 12).

On May 23, 2014, the Defendant moved the Court to reconsider its May 14, 2014 Order.  (Doc. 14).  On August 1, 2014, the Court denied the Defendant's motion and directed the Defendant to comply with the May 14, 2014 Order.  (Doc. 16).  On August 22, 2014, the Plaintiff notified the Court that the Defendant failed to comply with the May 14, 2014 Order.  (Doc. 17).  The Plaintiff also submitted a proposed order for the Court to directly assign the Defendant's ownership interest in the Patents to the Plaintiff.  (Doc. 17-1).  On December 11, 2014, the Court ordered the Defendant to show cause why the Court should not enter an order assigning his ownership interest in the Patents to the Plaintiff.  (Doc. 19).  The Defendant failed to respond.  The Court also ordered the Plaintiff to explain why the Court should enter an order assigning the Plaintiff the Defendant's ownership interest in United States Patent Application No. 14245943.  The Plaintiff timely responded and sufficiently explained why such ownership interest should be assigned.

Pursuant to Fed. R. Civ. P. 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Because the Plaintiff seeks to execute its judgment in the United States District Court for the Middle District of Georgia, the procedure for execution is governed by the practice of the State of Georgia.  In Georgia, "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise."  O.C.G.A. § 9-11-69.  "[E]xecutions … may be levied on all the estate of the defendant, both real and personal, which is subject to levy and sale."  O.C.G.A. § 9-13-10.  Georgia law permits a judgment-creditor to levy upon a judgment-debtor's interest

in a patent or patent application.  *See Wilson v. 72 Riverside Invs. LLC*, 277 Ga. App. 312, 313 (2006).  In *Wilson*, the trial court ordered that the judgment-debtor's interest in any patents and patent applications be levied upon to the benefit of the judgment-creditor, and "by virtue of said levy," the court transferred the judgment-debtor's interest to the judgment-creditor.  *Id.*  A sheriff's sale then ensued.  *Id.* at 315-16.

In the present case, the Plaintiff moved the Court to assign the Defendant's ownership interest in the Patents to the Plaintiff.  The Plaintiff has also served post-judgment discovery on the Defendant, taking the position that the assignment of the Defendant's ownership interest in the Patents will only partially satisfy the judgment. (Docs. 18; 18-3 at 3).  While a court may compel a judgment-debtor to assign its interest in a patent or patent application to a judgment-creditor in satisfaction of a judgment, it seems logical that the value of such interest must nonetheless be determined. Otherwise, the court and the parties are unable to discern when the judgment is satisfied.  This case is illustrative.  While the Plaintiff takes the position that the transfer of the Defendant's ownership interest in the Patents will partially satisfy the judgment, the Defendant appears to take the position that it need not respond to the Plaintiff's post-judgment discovery requests because the transfer of its ownership interest in the Patents will fully satisfy the judgment.  (Doc. 18-3 at 2).

If the Plaintiff seeks a direct assignment of the Defendant's ownership interest in the Patents, the Plaintiff should explain how the Plaintiff intends to value the Patents for purposes of determining when the judgment is satisfied; whether such assignment comports with Georgia procedure and due process under the Georgia and Federal constitutions; and if Georgia procedure does not apply, what federal statute governs.

On the other hand, Georgia law provides that an interest in a patent or patent application is capable of being levied upon and sold at a sheriff's sale.  *See Wilson*, 277 Ga. App. at 313.  If a levy and sale is the procedure to be followed in this case, the Plaintiff should explain how such levy and sale should occur.  Georgia procedure governing levy and sale ensures that certain requirements are met before any "taking" of property occurs.  *See Wood v. Atkinson*, 231 Ga. 271 (1973).

**SO ORDERED**, this 7th day of January, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT