IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-293(MTT) |
| KYUNG IL JUNG, | ) ) ) |
| Defendant. | ) ) |

### ORDER

On November 1, 2013, the Court entered default judgment in favor of the Plaintiff and against the Defendant in the amount of $6,659,800.00, plus prejudgment interest in the amount of $652,385.31, post-judgment interest pursuant to 28 U.S.C. § 1961, and any other future interest and costs as allowed by law. (Doc. 7 at 2). A writ of execution issued on December 12, 2013. (Doc. 8). On July 29, 2014, the Plaintiff served the Defendant with post-judgment interrogatories and requests for production of documents pursuant to Federal Rules of Civil Procedure 33, 34, and 69. (Doc. 18-2). The Defendant did not respond. On October 7, 2014, the Plaintiff advised the Defendant by letter that he would move to compel responses to the discovery requests and for sanctions if the Defendant failed to respond to the discovery requests. (Doc. 18-3). The Defendant again did not respond to the discovery requests. The Plaintiff has moved to compel, for sanctions, and for an order of contempt. (Doc. 18). The Defendant has not responded to the Plaintiff's motion.

Pursuant to Rule 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  According to the Plaintiff, his discovery requests under Rule 33 and 34 are "reasonably calculated to aid in post-judgment collection," and the "Defendant's responses to the discovery requests are essential in [his] attempts to recover, at least in part, on his judgment against [the] Defendant."  (Doc. 18-1 at 4).  Rule 37(a)(3)(b) allows a party seeking discovery to move for an order compelling a response if "a party fails to answer an interrogatory submitted under Rule 33[,] or a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  A court may also order sanctions if a party fails to serve its answers, objections, or written response after being properly served with discovery requests under Rule 33 or 34.  Fed. R. Civ. P. 37(d)(1)(A)(ii).

The Plaintiff's motion to compel the Defendant to respond to his discovery requests is **GRANTED**, and the Defendant is directed to respond to the discovery requests within 21 days of the date of this Order.  The Defendant is **ORDERED** to show cause why the Court should not require the Defendant, the Defendant's attorney, or both "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  The Plaintiff shall provide the Court with evidence of the expenses incurred in making the motion to compel.  The Court will rule on the Plaintiff's motion for sanctions after the Defendant complies with the Court's order, or if he fails to do so, after the time for compliance has expired.

Finally, the Plaintiff asks the Court to hold the Defendant in contempt and renews his request that the Court enter an order directly assigning the Defendant's ownership interest in the Patents to the Plaintiff. (Doc. 18-1 at 6-7). The Court's May 14, 2014 Order stated:

> Debtor is ordered to, within **ten days** of this Order, assign all of his ownership interest in the Patents via written assignment in the same or substantially similar manner provided for in the attached "Intellectual Property Assignment" form. If Debtor fails to deliver his ownership interest in the Patents as required herein, then Judgment-Creditor shall notify this Court of such noncompliance with this Order and submit to the Court a proposed order for the Court to directly assign to Judgment-Creditor the Debtor's ownership interest in the Patents.

(Doc. 12). On May 23, 2014, the Defendant filed a motion for reconsideration. (Doc. 14). On August 1, 2014, the Court denied the Defendant's motion and directed the Defendant to comply with the May 14, 2014 Order. (Doc. 16). On August 22, 2014, the Plaintiff notified the Court of the Defendant's noncompliance and requested that the Court enter an order directly assigning the Defendant's ownership interest in the Patents to the Plaintiff. (Doc. 17). On December 11, 2014, the Court ordered the Defendant to show cause why the Court should not enter such an order. (Doc. 19). The Defendant failed to respond.

While the Plaintiff takes the position that a direct assignment of the Defendant's ownership interest in the Patents will partially satisfy his judgment against the Defendant, the Defendant appears to take the position that such an assignment will fully satisfy the judgment. (Docs. 18-3 at 2; 21 at 3). Given this disagreement, the Court asked the Plaintiff in its January 7, 2015 Order to explain "how [he] intends to value the Patents for purposes of determining when the judgment is satisfied; whether such assignment comports with Georgia procedure and due process under the Georgia and

Federal constitutions; and if Georgia procedure does not apply, what federal statute governs." (Doc. 21 at 3). On the other hand, the Court asked the Plaintiff to explain how a levy and sale under Georgia law should occur if "a levy and sale is the procedure to be followed in this case." (Doc. 21 at 4). In response, the Plaintiff informed the Court that the Defendant "is likely in a better position to explain the value of the subject patent interests" and, for this reason, renewed its request for an order compelling the Defendant to respond to the discovery requests. (Doc. 22). The Plaintiff also informed the Court that he "has considered whether a levy and sale procedure," rather than a direct assignment, "would be worthwhile." (Doc. 22 at 1). Thus, it appears the Plaintiff requires more information before he can fully respond to the January 7, 2015 Order. (Doc. 21 at 3-4). Accordingly, the Plaintiff's motion for a contempt order and request for a direct assignment are **DENIED without prejudice**, subject to being renewed once the Plaintiff addresses the issues raised in the January 7, 2015 Order.

    **SO ORDERED**, this 9th day of April, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
